Glenn R. Kantor - State Bar No.: 122643
E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile:  (818) 350-6272

Attorneys for Plaintiff,
DAMON OTOSHI

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| DAMON OTOSHI,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; APPLE, INC. LONG TERM DISABILITY PLAN,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

Plaintiff, Damon Otoshi, herein sets forth the allegations of his Complaint against Defendants Life Insurance Company of North America and Apple, Inc. Long Term Disability Plan.

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an

1  employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit
2  plan named as Defendant. Plaintiff seeks relief, including but not limited to, payment of benefits,
3  prejudgment and postjudgment interest, reinstatement to the benefit plans at issue herein, and
4  attorneys' fees and costs.

5      2.    Plaintiff was, at all times relevant, an employee of Apple, Inc.

6      3.    Plaintiff is informed and believes that Defendant Life Insurance Company of North
7  America ("LINA") is a corporation with its principal place of business in the State of Connecticut,
8  authorized to transact and transacting business in the Northern District of California, and can be
9  found in the Northern District of California. Plaintiff is informed and believes that his employer
10 funded its long-term disability ("LTD") Plan in whole or in part via the purchase of a long term
11 liability insurance policy from LINA. LINA is the insurer of all or some portion of benefits under the
12 Apple, Inc., Long Term Disability Plan (hereinafter "LTD Plan"). LINA administered the claim,
13 interpreted Plan terms, and issued a claim denial, all while operating under a conflict of interest; and
14 the bias this created adversely affected the claims determination.

15     4.    Plaintiff is informed and believes that LINA identifies the group policy it issued to
16 Apple, Inc., as Policy/Plan FLK0030104 (the "Policy").  Plaintiff is informed and believes that
17 LINA intended that the subject policy would result in coverage being provided to residents of the
18 State of California.  Plaintiff is informed and believes that the Policy was issued on or before
19 January 1, 2012, and had an annual anniversary date of January 1.

20     5.    Plaintiff is further informed and believes that the Policy has remained in effect since
21 its inception, and was renewed or amended on or after January 1, 2012.

22     6.    Plaintiff is informed and believes that Defendant LTD Plan is an employee welfare
23 benefit plan regulated by ERISA, established by Apple, Inc., under which Plaintiff is and was a
24 participant, and pursuant to which Plaintiff is entitled to LTD benefits.  Pursuant to the terms and
25 conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's
26 disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan.  The
27 LTD Plan is doing business in this judicial district, in that it covers employees residing in this
28 judicial district, and is administered in this judicial district.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

7. Defendants can be found in this judicial district and the Defendant LTD Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF**

**AGAINST LIFE INSURANCE COMPANY OF NORTH AMERICA AND**

**APPLE, INC. LONG TERM DISABILITY PLAN**

**FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS,**

**PREJUDGMENT AND POSTJUDGMENT INTEREST, AND**

**ATTORNEYS' FEES AND COSTS**

**(29 U.S.C. § 1132(a)(1)(B))**

8. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

9. At all times relevant, Plaintiff was employed by Apple, Inc., and was a covered participant under the terms and conditions of the LTD Plan.

10. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

11. Pursuant to the terms of the LTD Plan, Plaintiff made a claim to LINA for LTD benefits under the LTD Plan, seeking benefits with an onset of disability date of July 15, 2010. After paying benefits for over 5 years, and despite a lack of any meaningful improvement in Plaintiff's condition, LINA arbitrarily issued a decision denying further benefits to the Plaintiff effective September 28, 2016.

12. On May 25, 2017, Plaintiff timely requested that LINA review its denial in accordance with the ERISA disability claims regulation. On August 21, 2017, LINA responded to Plaintiff's appeal and reaffirmed its prior decision to terminate the Plaintiff's benefits. Plaintiff has exhausted his pre-litigation administrative remedies.

13. Defendants LINA and the LTD Plan breached the Plan and violated ERISA in the following respects:

(a) LINA failed to pay LTD benefit payments to Plaintiff at a time when LINA and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and LINA had such knowledge, LINA denied Plaintiff's LTD benefits;

(b) LINA failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the effective denial of Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was effectively denied, LINA failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

(d) LINA concealed and withheld from Plaintiff the notice requirements LINA and the LTD Plan were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations § 2560.503-1(f)-(g), inclusive; and

(e) LINA failed to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

14. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied his disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

15. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

16. As a proximate result of the aforementioned wrongful conduct of the LTD Plan and LINA, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of

trial.

17. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

18. The wrongful conduct of the LTD Plan and LINA has created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of prejudgment and postjudgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

DATED:   January 17, 2018          KANTOR & KANTOR, LLP

                                   By    /s/ Glenn R. Kantor
                                        Glenn R. Kantor
                                        Attorneys for Plaintiff
                                        DAMON OTOSHI